IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFC ERIK L. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-691 |
| ) | |
| SAMUEL D. MACKERT, III, GORDON ) | JURY TRIAL DEMANDED |
| ELLIOTT and THE DEWEY BEACH POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

ANSWER TO COMPLAINT

1.  Denied, except that it is admitted that Plaintiff has filed an action seeking compensatory and punitive damages and for injunctive relief for alleged violations of the petition clause of the First Amendment of the United States Constitution.

2.  Paragraph 2 of the Complaint asserts legal conclusions as to which no response is required.

3.  Admitted.

4.  It is denied that the job performance of Plaintiff has always been satisfactory, good or excellent; otherwise admitted.

5.  Admitted.

6.  It is denied that Mackert committed or that Elliott authorized, ratified, sanctioned or participated in any illegal actions; otherwise admitted.

7.  It is denied that the Dewey Beach Police Department has twelve full-time non-seasonal police officers; otherwise admitted.

8. It is denied that Plaintiff has filed grievances pursuant to a duly adopted Union contract, that Plaintiff filed grievances to correct the operations of municipal government and that the grievances filed by Plaintiff were legitimate and not a sham; otherwise admitted.

9. Denied as stated; it is admitted only that Mackert and Elliott were aware of some of the grievances filed by Plaintiff.

10. Denied as stated; it is admitted only that Mackert found Plaintiff's actions annoying.

11. Denied.

12. Denied.

13. Denied as stated; it is admitted only that on or about December 2, 2004, Plaintiff submitted a document dated August 6, 2004 to Mackert, which document speaks for itself.

14. Admitted.

15. It is denied that Plaintiff filed a union grievance at any time; it is admitted only that on January 22, 2005, Elliott received a 2-page document from Plaintiff, which document speaks for itself.

16. Denied as stated; it is admitted only that on January 22, 2005, Plaintiff submitted a memo to Elliott referring to back pay, which memo speaks for itself.

17. Denied as stated; it is admitted only that on or about March 18, 2005, Plaintiff filed a written grievance with Mackert, which grievance speaks for itself.

18. Denied as stated; it is admitted only that on March 28, 2005, Plaintiff provided 24 pages of documents to Elliott purporting to be an appeal of written grievances, which documents speak for themselves, and that on March 30, 2005, Elliott provided a verbal and written response to his March 28, 2005 grievances.

19. Denied.

20. Denied.

21. Denied as stated; it is admitted only that in January 2005 Mackert demoted plaintiff three ranks to the rank of Patrolman First Class and that at present Plaintiff's rank is Patrolman First Class.

22. Denied as stated; it is admitted only that upon Plaintiff's return from suspension on January 14, 2005 he was assigned to rotating shifts consisting of three days from 7 a.m. to 5 p.m., three days off, three days from 5 p.m. to 3 a.m., three days off, three days from 9 a.m. to 7 a.m., three days off, three days from 7 a.m. to 5 p.m., three days off, and so on. By way of further answer, police officers Cliff Dempsey and Henry Powell also worked rotating shifts, and plaintiff took vacation on February 8, 9, 15, 21, 25, 26 and 27, 2005.

23. Denied as stated; it is admitted only that at the end of a four-month suspension from duty, plaintiff was required to have a fitness for duty evaluation.

24. Admitted. By way of further answer, the error was corrected when it was brought to the attention of defendant Elliott.

25. Denied as stated; it is admitted only that because Plaintiff had not been on active duty since July 23, 2004, he did not receive a holiday bonus.

26. Denied as stated; it is admitted only that while Plaintiff was on suspension everything in his office was put into boxes and moved to the second floor to accommodate the installation of a video telephone system for the courts and a live scan unit.

27. Denied as stated; it is admitted only that while Plaintiff was on disciplinary probation after his return from suspension he did not have take-home vehicle privileges.

28. Denied as stated; it is admitted only that after Plaintiff completed his disciplinary probation and his take-home vehicle privileges were restored, he was tardy on October 22, 2005 and on October 30, 2005 his take-home vehicle privilege was again suspended.

29. Denied as stated; it is admitted only no other officers were similarly situated to Plaintiff in terms of their disciplinary records and therefore no other officers were disciplined in the same manner as Plaintiff.

30. Denied as stated; it is admitted only that on March 9, 2005, Mackert gave Plaintiff a written reprimand, which speaks for itself.

31. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore deny it.

32. Denied as stated; it is admitted only that on March 9, 2005, Mackert gave Plaintiff a written reprimand, which speaks for itself.

33. Denied as stated; it is admitted only that on or about November 15, 2005, Plaintiff failed to salute Chief Mackert and was disciplined as a consequence.

34. Denied as stated; it is admitted only that no one was disciplined for failure to render salutes at the 2005 holiday party, during which the attendees were off duty and out of uniform.

35. Denied as stated; it is admitted only that Mackert, who had turned to get a gift for the next person, did not see Plaintiff offering his hand and did not shake Plaintiff's hand.

36. Denied.

37. Denied as stated; it is admitted only that part-time officers, dispatchers, civilian employees, officer's wives and girlfriends were provided tickets on request and that Plaintiff would also have been given tickets on request.

38. Admitted.

39. Denied as stated; it is admitted only that Elliott upheld Plaintiff's grievance.

40. Denied.

41. Admitted.

42. Denied as stated; it is admitted only that Elliott saw Plaintiff using his cell phone to call Mackert at Sharkey's where they each had gone for lunch.

43. Denied.

44. Denied as stated; it is admitted only that there have been discussions about the possibility of promotions for Plaintiff but to date Plaintiff has not been promoted.

45. Denied as stated; it is admitted only that when officers, including Plaintiff, are found to have committed offenses they have been disciplined in an appropriate manner.

46. Denied as stated; it is admitted only that in February 2006 Plaintiff was given a verbal reprimand for not filling out a use of force form.

47. Denied.

48. Denied as stated.

49. Denied.

50. Denied.

51. Denied as stated.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. It is denied that any Defendant committed, authorized, ratified, sanctioned or participated in any illegal actions; otherwise admitted.

64. Denied.

65. Defendants repeat and reallege paragraphs 1-64 set out above.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All of Defendants' actions with regard to Plaintiff were taken in good faith and for legitimate non-retaliatory reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed in whole or in part to state a claim on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights or rights secured by a federal statute.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, nor is Defendant Dewey Beach Police Department subject to an award of punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Dewey Beach Police Department has not authorized or ratified any retaliatory actions against Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The actions of Defendants are not an actual or proximate cause of any damage or harm suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendants reserve the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the individual defendants are barred in whole or in part by the doctrine of qualified immunity.

Defendants preserve herein any and all other affirmative defenses that may become apparent during discovery or otherwise during the course of this case.

WHEREFORE, Defendants demand that the Complaint be dismissed, with costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Teresa A. Cheek*
Teresa A. Cheek, Esquire (No. 2657)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Counsel for Defendants

Dated: February 16, 2007