# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFC. ERIK L. CAMPBELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CHIEF SAMUEL D. MACKERT, III, | :   C.A. No. 06-691-MPT |
| individually and in his official | : |
| capacity as the Chief, Dewey Police | : |
| Department, and GORDON ELLIOT, | : |
| individually and in his official | : |
| capacity as Town Manager, the DEWEY | : |
| BEACH POLICE DEPARTMENT, | : |
| TOWN OF DEWEY BEACH, | : |
| | : |
| Defendants. | : |

## REVISED SCHEDULING ORDER

This ___ day of _____, 2008, the Court having conducted a teleconference on January 7, 2008, the following schedule shall govern this case;

IT IS ORDERED that:

1. Discovery

    a. <u>Limitation on Hours for Depostion Discovery</u>. Each side is limited to a total of 30 hours of taking testimony by deposition upon oral examination.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action is this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      c.    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before March 31, 2008.  The Court encourages the parties to serve and respond to contention interrogatories early in this case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      d.    <u>Discovery of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 15, 2008.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 14, 2008.  Along with the submissions of the expert reports, the parties shall advise on the dates and times of their experts' availability for deposition.

      To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      e.    <u>Discovery Matters</u>.  Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may

file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositve motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

     2.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

     3.    <u>ADR Process</u>. Pursuant to the Order dated April 17, 2007.

     4.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 30, 2008. Briefing will be presented pursuant to the Court's Local Rules.

     5.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dipositive motion should contain the statement required by Local Rule 7.1.1.

     6.    <u>Pretrial Conference</u>. On November 24, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial

Order which accompanies this Scheduling Order on or before November 10, 2008.

      7.    <u>Motions *In Limine*</u>.  Motion *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      8.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

      9.    <u>Trial</u>.  This matter is scheduled for a 4 day <u>jury</u> trial beginning at 9:30 a.m. on December 9, 2008 with the remaining trial days beginning at 9:00 a.m.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 9 hours to present their case.

                       /s/Mary Pat Thynge
                       UNITED STATES MAGISTRATE JUDGE